UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MARQUELLE L. SMITH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:18-cv-00019-SEB-MPB ) |
| EVANSVILLE POLICE DEPARTMENT, HERBERT ADAMS, BLAKE HOLLINS, J.T. VANCLEAVE, ERIC R. WILLIAMS, VANDERBURGH COUNTY JAIL, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**Entry Screening Complaint and Directing Further Proceedings**

**I. Screening Standard**

The plaintiff is a prisoner currently incarcerated at Wabash Valley Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Complaint

The complaint alleges that the plaintiff was subjected to excessive force and racial discrimination by Evansville Police Department officers during a traffic stop on February 20, 2017. The officers further impeded the plaintiff's access to medical care after employing excessive force, including a taser. The claims are brought pursuant to 42 U.S.C. § 1983. The plaintiff alleges that the officers' unconstitutional actions were a result of the Evansville Police Department's policies. The plaintiff seeks compensatory and punitive damages.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, neither the Evansville Police Department nor the Vanderburgh County Jail is a "person" subject to suit under 42 U.S.C. § 1983. *Jones v. Bowman*, 694 F. Supp. 538, 544 (N.D. Ind. 1988) (*citing Boren By & Through Boren v. City of Colorado Springs*, 624 F. Supp. 474 (D. Colo. 1985)). In Indiana, municipal police departments and jails "are not suable entities." *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011); *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Any claims against these defendants are dismissed as legally insufficient. The **clerk is directed** to terminate these defendants on the docket.

The claim of excessive force and racial discrimination alleged against Officer Herbert Adams, Officer Blake Hollins, Officer J.T. Van Cleave, and Sheriff Eric R. Williams shall proceed as submitted.

This summary of remaining claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through February 16, 2018,** in which to identify those claims.

### IV. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his or her current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

**IT IS SO ORDERED.**

Date: 2/13/2018

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARQUELLE L. SMITH
267850
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Jeffrey W. Ahlers
KAHN DEES DONOVAN & KAHN
jahlers@kddk.com

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

Michael E. DiRienzo
KAHN DEES DONOVAN & KAHN
mdirienzo@kddk.com

Francis Xavier Mattingly
ZIEMER STAYMAN WEITZEL & SHOULDERS
fmattingly@zsws.com

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL & SHOULDERS
kvonderahe@zsws.com