UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| MARQUELLE L. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-cv-00019-SEB-MPB |
| | ) | |
| HERBERT ADAMS OFFICER, | ) | |
| BLAKE HOLLINS OFFICER, | ) | |
| J.T. VANCLEAVE OFFICER, | ) | |
| ERIC R. WILLIAMS SHERIFF, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Denying Plaintiff's Motion to Appoint Counsel**

Plaintiff Marquelle L. Smith's motion for assistance with recruiting counsel, dkt. [33], is **denied**. Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). The Court does not have enough lawyers willing and qualified to accept a pro bono assignment in every pro se case. As a result, this Court has no choice but to limit appointment of counsel to those cases in which it is clear under the applicable legal test that the plaintiff must have the assistance of a lawyer.

"When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas*, 990 F.2d 319 (7th Cir. 1993), *cert. denied*, 114 S. Ct. 438 (1993).

Mr. Smith asserts that he has been unsuccessful in recruiting representation on his own. Although the Court concludes, based on the above filing, that the plaintiff has made a reasonable effort to secure representation, he should continue those efforts.

The Court proceeds to the second inquiry required in these circumstances. Here, the Court must analyze the plaintiff's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. Accordingly, the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it himself. *Id.* at 653-55.

The Court will not attempt to recruit counsel to represent the plaintiff at this time. Mr. Smith requests assistance of counsel because he asserts he does not understand how to approach this case going forward since he has no background in legal matters. *See* dkt. 33 at 3. However, he reports no difficulties with reading or writing English, and has at least a ninth grade education and is working to obtain his GED. Moreover, the claim in this case is not complex – Mr. Smith asserts he subjected to excessive force by Evansville Police Department officers during a traffic stop on February 20, 2017. The officers further impeded his access to medical care after employing excessive force, including a taser. He has been able to coherently describe this claim and its factual basis. In addition, based on the plaintiff's comprehensible filings, his use of the court's processes, and his familiarity with the factual circumstances surrounding his legal claims, the plaintiff is competent to litigate on his own.

Based on the foregoing, therefore, the plaintiff's motion for appointment of counsel, dkt. [33], is **denied**. The Court will, however, be alert to the possibility of recruiting representation for the plaintiff at trial or at other points in the case where the plaintiff's incarceration and pro se status

would make it particularly difficult for him to proceed without representation. Specifically, if a settlement conference is scheduled, the Court will recruit counsel to assist the plaintiff for this limited purpose.

**IT IS SO ORDERED.**

Date: 5/9/2018

*Sarah Evans Barker*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARQUELLE L. SMITH
267850
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Jeffrey W. Ahlers
KAHN DEES DONOVAN & KAHN
jahlers@kddk.com

Robert L. Burkart
ZIEMER STAYMAN WEITZEL & SHOULDERS
rburkart@zsws.com

Michael E. DiRienzo
KAHN DEES DONOVAN & KAHN
mdirienzo@kddk.com

Francis Xavier Mattingly
ZIEMER STAYMAN WEITZEL & SHOULDERS
fmattingly@zsws.com

Keith W. Vonderahe
ZIEMER STAYMAN WEITZEL & SHOULDERS
kvonderahe@zsws.com

Clifford R. Whitehead
ZIEMER STAYMAN WEITZEL & SHOULDERS LLP
cwhitehead@zsws.com